**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **RABINDRANATH T. JOSEPH,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LAWRENCE A. BAUMEISTER, et al.,** )<br>)<br>**Defendants.** )<br>) | **Civil Action No. AW-05-1887** |

**MEMORANDUM OPINION**

This action involves a claim under the Federal Torts Claims Act ("FTCA"), brought by Plaintiff Rabindranath T. Joseph ("Joseph" or "Plaintiff"), against Lawrence A. Baumeister ("Baumeister"), an employee of the Drug Enforcement Agency, and the United States of America (collectively, "Defendants"). Currently pending before this Court is Defendants' Motion to Dismiss [4]. The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For reasons set forth more fully below, Defendants' Motion to Dismiss will be granted-in-part and denied-in-part.

**FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken in the light most favorable to the non-movant. On September 10, 2003, Joseph was driving his motor vehicle north on Kenilworth Avenue in Prince George's County, Maryland. At the same time and in the same vicinity Baumeister, an employee of the Drug Enforcement Administration ("DEA"), was also operating a motor vehicle. Joseph alleges that that Baumeister negligently sped through a red light and collided with Joseph's vehicle. As a result,

1

Joseph sustained personal injuries. At the time of the accident, Baumeister was operating within the scope of his employment.

On February 23, 2004, Paul Rivera ("Rivera"), counsel for Plaintiff, sent a letter to the DEA informing the agency of his intentions to assert a claim for personal injures arising out of the accident with Baumeister. On March 15, 2004, the DEA sent a letter to Rivera outlining the process for filing an administrative claim. After no response, the DEA resent this information on November 16, 2004. Again after no response, the DEA sent Rivera a letter on January 14, 2005 informing him that his client's claim was denied and that he had six months from the date of the denial to file suit in federal district court. Plaintiff filed the instant action on July 12, 2005, and Defendants filed their Motion to Dismiss on September 15, 2005. That motion is ripe and ready for disposition, and the Court now issues this opinion.

## STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the court has the authority to hear and decide the case before it. A Rule 12(b)(1) motion is properly granted where a claim fails to allege facts upon which the court may base jurisdiction. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In evaluating the merits of a Rule 12(b)(1) motion, courts may consider exhibits outside the pleadings to resolve factual disputes concerning jurisdiction, without converting the motion into a motion for summary judgment. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003).

## DISCUSSION

**A.    Dismissal of Individual Defendant Baumeister**

Defendants argue, and Plaintiff concedes, that Baumeister is not a proper defendant in this case. The FTCA provides that in suits for monetary damages against federal employees acting within the scope of their employment, the United States is to be substituted as the sole defendant. 28 U.S.C. § 2679(d)(1)-(2). There is no dispute that Baumeister was a federal government employee acting within the scope of his employment when the accident that gave rise to this action occurred. Accordingly, the Court will grant Defendants' motion to dismiss Baumeister from this suit.

**B.    Dismissal of the United States**

Defendants also contend that Plaintiff's FTCA claim against the United States must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1), for failure to exhaust administrative remedies. For the following reasons, the Court cannot agree.

The FTCA requires that an aggrieved party present a claim to the appropriate agency within two years after the claim accrues. 28 U.S.C. §2401(b). The Act also requires that before an action may be commenced in court the claimant must present his claim to the appropriate agency for determination. 28 U.S.C. §2675(a). The requirement for filing an administrative claim is jurisdictional and may not be waived. *Henderson v. United States*, 785 F.2d 121 (4th Cir. 1986).

The United States argues that Plaintiff failed to file a claim with the DEA within the required two year period, accruing from the date of the accident, September 10, 2003. The United State bases this allegation on the premise that the correspondence by Rivera to the office of the DEA briefly summarized the injuries sustained by Plaintiff but did not include a sum certain. Therefore, Plaintiff failed to file a valid claim with the DEA before his claim became time-barred by statute of limitations on September 10, 2005. This issue is undisputed.

Plaintiff concedes that prior to the letter dated January 14, 2005, no official administrative claim had been filed.  However, Plaintiff maintains that the January 14 letter from the DEA constituted an official "denial" of any administrative claim, a denial which came eight months before the two year statutory deadline.  Plaintiff insists that this premature denial, in which the DEA short-circuited the administrative claims process, left him with no other action than to seek relief in the United States District Court.

The main issue to be resolved in this case is whether the January 14, 2005 letter from the DEA can be reasonably interpreted as a "denial" of the administrative claim.  If so, then, (1) the letter would constitute a premature denial of the administrative claim and (2) Plaintiff was rightly prompted to pursue this issue in federal court, granting this court subject matter jurisdiction.

The letter in question, dated January, 14, 2005, addressed to Paul Rivera, Esquire from the DEA reads, in pertinent part:

> Your client's administrative claim is hereby denied. *See* 28 U.S.C. §2401(b).  If your client is dissatisfied with the denial of this claim, suit may be filed in the appropriate United States District Court not later than six months after the date of this letter.

The Court interprets this letter as a denial of Plaintiff's administrative claim for several reasons.  First, this letter is clear and unambiguous in stating that the "administrative claim is . . . denied."  Second, the DEA cites 28 U.S.C. §2401(b), which is the legal authority for denying administrative claims.  Third, this letter advises Plaintiff to take the next step of filing a claim with the United States District Court within six months if dissatisfied with the denial.  This provision is also governed by §2401(b).  Lastly, this notice was transmitted via certified mail, required by §2401(b) for administrative denials, where all other correspondence from the DEA was sent through normal first-class mail.

This letter was the third correspondence from the DEA to Rivera. Each of the two previous notices instructed Rivera how to file a valid administrative claim and supplied him with the proper forms. The United States alleges that the January 14 letter was sent only after Plaintiff was given "ample opportunity" to file a claim, since on two occasions he was provided with instructions and forms. Rivera concedes that he never responded to either of the previous notices by the DEA. However, despite the inaction of Plaintiff, the DEA did not possess the authority to deny a claim prematurely. In all cases, plaintiffs are given two years to properly file an administrative claim, not "ample opportunity" at the discretion of the agency.

The United States further suggests that the January 14 letter denying the plaintiff's administrative claim is not dispositive of the issue, because a proper claim was not filed before the statutory deadline. The United States relies primarily on *Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1976) and *Henderson*, 785 F.2d 121, to support this contention. In both of these cases, the plaintiffs' claims against the government were time barred for failure to exhaust administrative remedies. In *Ahmed*, the plaintiff presented an administrative agency with notice of a possible claim involving personal injury by a federal employee, but listed no sum certain nor notice of a duly authorized representative. *Id.* at 517. The plaintiff then proceeded to sue the federal employee in state court. *Id.* By the time the case was removed to federal court, the two-year limitations period had already run. *Id.* While it is true that in the initial letter from Rivera to the DEA explaining the plaintiff's injuries, no sum certain was given, this case is not applicable. Unlike the present case, the plaintiff in *Ahmed* was never presented with any notice by the agency that would constitute a premature denial of the claim. Therefore the *Ahmed* case was rightly dismissed because the statute of limitations actually ended and the plaintiff's administrative claim was not prematurely denied.

Likewise, in *Henderson*, the plaintiff initially filed suit in state court for an injury caused by a vehicle being used by the government. 785 F.2d at 121. After the claim was removed to federal court by the United States and dismissed for failure to exhaust administrative remedies, the plaintiff then filed an administrative claim with the agency more than 27 months after the original accident. *Id*. Again, *Henderson* involved a claim filed after the two year statute of limitations, not after it was prematurely denied by a federal agency.

On these facts, the authorities on which Defendants rely are distinguishable from the present case. None of the cases cited by the United States show evidence of an administrative agency usurping the role of the legislature by divesting a plaintiff of their two year time allotment to file an administrative claim. The United States cannot urge the Court to dismiss this claim based on Plaintiff's failure to exhaust administrative remedies when, in essence, the Plaintiff was not given a chance to do so. Because the letter dated January 14, 2005 constitutes a denial of the administrative claim, Plaintiff successfully exhausted his administrative remedy. A plaintiff has exhausted his administrative remedies if the appropriate agency has denied the claim in writing. 28 U.S.C. §2675(a); *Blakely v. United States*, 267 F.3d 853, 864 (6th Cir. 2002).

The legislative intent behind enacting the FTCA was, in part, to provide "for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." *Adams v. United States*, 675 F.2d 284, 288 (C.A.Fla.1980). Therefore, the Court must side with Plaintiff in holding that the DEA prematurely denied Plaintiff's claim and left him with no recourse but to pursue this action in federal court. To decide otherwise would allow federal agencies to employ tactics that would confuse plaintiffs about the status of their claim, then permit the United States to dismiss the action in federal court on the

misunderstood procedural grounds. To allow this unfair treatment would frustrate the clearly expressed intent of the legislature.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS-in-part and DENIES-in-part Defendants' Motion to Dismiss [4]. In particular, the Motion to Dismiss is GRANTED with respect to individual Defendant Baumeister. The Motion to Dismiss is DENIED with respect to the United States of America. The United States is directed to file an answer or otherwise respond to the Complaint within 20 days. In the meantime, the Court will enter a scheduling order. An Order consistent with these rulings shall follow.


Date:  January 13, 2006                                        /s/
                                                      Alexander Williams, Jr.
                                                      United States District Court